**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Borman LLC,
a Missouri limited liability company

Plaintiff,

Case No.
Hon.

v.

18718 Borman LLC,
a Michigan limited liability company, and
Joseph Schwebel, an individual citizen
of Montreal, Canada,

Defendants.

---

Gregory D. Hanley (P51204)
Jamie Warrow (P61521)
KICKHAM HANLEY P.C.
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI 48073
(248) 544-1500
Counsel for Plaintiff

---

**COMPLAINT**

Plaintiff, Borman LLC ("Lender"), states the following as its complaint against Defendants 18718 Borman LLC, and Joseph Schwebel:

**PARTIES AND JURISDICTION**

1. Lender is a Missouri limited liability company, with its principal place of business located in St. Louis, Missouri.

2. Defendant 18718 Borman LLC ("Borrower") is a Michigan limited liability company, with its principal place of business located at 400 De Maisonneuve Boulevard West, Suite 600, Montreal, Canada QC H3S-IL4.

3. Defendant Joseph Schwebel ("Guarantor") is an individual citizen of Canada maintaining a place of business at 400 De Maisonneuve Boulevard West, Suite 600, Montreal,

Canada QC H3S-IL4.

4. The amount in controversy exceeds $75,000, exclusive of interests and costs, and this complaint is between citizens of different states and/or different countries.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391 as all or substantially all of the events giving rise to this complaint occurred in this District, and Defendants have consented to be sued in this District.

**GENERAL ALLEGATIONS**

7. On or about June 30, 2005 Borrower received a mortgage loan from Morgan Stanley Mortgage Capital Inc., a New York corporation ("Morgan Stanley") in the original principal amount of Eight Million, Seven Hundred Thousand Dollars ($8,700,000)(the "Loan").

8. To evidence and secure the payment obligations under the Loan, Borrower executed and delivered certain documents (the "Loan Documents") to Morgan Stanley including, but not limited to the following:

a. A Mortgage (the "Mortgage") dated June 30, 2005 identified as MSMCI Loan No. 05-20864 and recorded on July 20, 2005 in Wayne County land records, Liber 43052, Page 2457. A true and accurate copy of the Mortgage is attached hereto as Exhibit A.

b. A Promissory Note (the "Note") dated June 30, 2005 in the original principal amount of $8,700,000. A true and accurate copy of the Note is attached hereto as Exhibit B.

c. A Guaranty of Recourse Obligations of Borrower (the "Guaranty") dated June 30, 2005 and executed by Borrower's sole member, Joseph Schwebel ("Schwebel"). A true and accurate copy of the Guaranty is attached hereto as Exhibit C.

d. A Reserve and Security Agreement (the "Security Agreement") dated June 30, 2005 which granted Morgan Stanley a security interest in certain reserve escrow accounts. A true and accurate copy of the Security Agreement is attached hereto as Exhibit D.

9. Pursuant to the terms of the Mortgage, Borrower granted a mortgage on the real property described in Exhibit A to the Mortgage (the "Property") as well as a security interest in other described property. *See* Exhibit A, Article I.

10. Under the Guaranty, Schwebel personally and unconditionally guaranteed repayment of all "obligations and liabilities of the Borrower for which Borrower shall be personally liable pursuant to Article 11 of the Note."

11. The Mortgage and all other supporting Loan Documents were assigned to LaSalle Bank National Association as Trustee for Morgan Stanley Capital Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-HQ10 pursuant to an Assignment of the Mortgage dated November 16, 2006, and thereafter recorded on January 3, 2007, in Liber 45798 at Page 78 of Wayne County records.

12. On January 8, 2009, Bank of America, N.A., a National Banking Association and successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Capital, Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-HQ10 executed a Limited Power of Attorney in favor of LNR Partners, LLC, a Florida limited liability company, successor by statutory conversion to LNR Partners, Inc., a Florida corporation.

13. The Mortgage and all other supporting Loan documents were thereafter assigned to MSCI 2006-HQ10 Borman Avenue LLC pursuant to a Second Mortgage Assignment, dated January 27, 2011 and recorded on February 11, 2011, in Liber 48981 at Page 360 of the Wayne County land records.

14. Following the Borrower's default through, among other things, failing to make required payments under the Note, MSCI 2006-HQ10 Borman Avenue LLC ("MSCI"), through its attorneys Barnes Thornburg LLP, foreclosed the Mortgage pursuant to a foreclosure by advertisement proceeding, which is an accepted means of foreclosing as provided for in the Mortgage.

15. MSCI's foreclosure advertisement identified the outstanding indebtedness of the Mortgage and Note to be $8,107,395.22. The daily interest per diem is $2,225.73.

16. On December 29, 2011, the Sheriff of Wayne County, Michigan (or one of its deputies) conducted a foreclosure sale of the Property at which MSCI acquired a Sheriff's Deed after having the highest bid of $2,100,000.

17. On or about May 9, 2012, MSCI and Borman Commercial Development Company,

Inc., entered into an Agreement for Sale and Purchase of Loan ("Loan Sale Agreement") for the sale and assignment of that certain loan entered into by and between Borrower and Morgan Stanley Mortgage Capital, Inc.

18. On or about May 17, 2012, Borman Commercial Development Company assigned its interest in the Loan Sale Agreement to Plaintiff Borman LLC.

19. On or about May 24, 2012, MSCI assigned to Plaintiff Borman LLC, its right, title and interest in the Loan Documents and Sheriff's Deed.

20. On or about June 29, 2012, the redemption period contained in the Sheriff's Deed expired, and Defendant Borrower did not redeem its interest in the Property.

## COUNT I

### JUDGMENT ON THE NOTE

21. Plaintiff incorporates and realleges Paragraphs 1 through 20 above.

22. Borrower executed the Note and agreed to pay the Loan pursuant to the terms of the Note.

23. Borrower has breached its obligations under the Note, by among other defaults, failing to make payments as required under the Note.

24. Borrower has further violated the continuing representations, warranties, and covenants contained in Article IV of the Mortgage by, among other violations, failing to pay its debts from its assets as the same became due and becoming insolvent (Article IV, Section 4.2(j)), and by failing to maintain adequate capital for the normal obligations reasonably foreseeable in a business of its size and character and in light of its contemplated business operations (Article IV, Section 4.2(s)).

25. In 2010, Borrower also violated the terms of the Mortgage by failing to promptly pay the Property's taxes. *See* Exhibit A, at § 3.4. The arrearage of unpaid taxes owed by Borrower totals $34,834.87.

26. By virtue of Borrower's violation of the continuing representations, warranties and covenants contained in Section 4.2 of the Mortgage, Article 11, Section (c) of the Note provides that:

> ...the agreement of Lender not to pursue recourse liability as set forth in subsection (a) above, SHALL BECOME NULL AND VOID and shall be of no further force and effect and the debt shall become fully recourse to the Borrower in the event that...(ii)

> Borrower...fails to comply with any provision of Section 4.2 of the Security Instrument.

*See* Exhibit B, Article XI, Section (c).

27. The Note has become fully recourse to Borrower and Borrower is liable for the full amount of the deficiency due and owing.

28. As a result of Borrower's defaults on the Note and other Loan Documents, Lender has suffered damages.

**COUNT II:**
**<u>JUDGMENT ON THE GUARANTY</u>**

29. Plaintiff incorporates and realleges Paragraphs 1 through 28 above.

30. Guarantor executed the Guaranty and, pursuant to the terms of the Guaranty, "absolutely and unconditionally guaranteed to Lender the prompt and unconditional payment of the Guaranteed Recourse Obligations of Borrower." *See* Exhibit D at ¶ 1.

31. The Guaranteed Recourse Obligations of the Borrower are defined as "all obligations and liabilities of Borrower for which Borrower shall be personally liable under Article 11 of the Note."

32. Article 11, Section (c) of the Note provides that:

> ...the agreement of Lender not to pursue recourse liability as set forth in subsection (a) above, SHALL BECOME NULL AND VOID and shall be of no further force and effect and the debt shall become fully recourse to the Borrower in the event that...(ii) Borrower...fails to comply with any provision of Section 4.2 of the Security Instrument.

*See* Exhibit B, Article XI, Section (c):

33. Borrower has violated the continuing representations, warranties, and covenants contained in Article IV of the Mortgage by, among other violations, failing to pay its debts from its assets as the same became due and becoming insolvent (Article IV, Section 4.2(j)), and by failing to maintain adequate capital for the normal obligations reasonably foreseeable in a business of its size and character and in light of its contemplated business operations (Article IV, Section 4.2(s)).

34. By virtue of Borrower's violation of the continuing representations, warranties and covenants under Article 11 of the Note there are no limitations of Borrower's liability for the Loan and the Note is fully recourse as to Borrower.

35. By virtue of the limitations on recourse contained in the Note becoming null and void and the Note becoming fully recourse to Borrower, the Guaranteed Recourse Obligations of Borrower include the entire Debt and all other obligations of Borrower under the Note, Mortgage and other Loan Documents.

36. Guarantor has breached his obligations under the Guaranty by, among other defaults, failing to pay to Lender the Guaranteed Recourse Obligations of Borrower due and owing under the Guaranty.

37. As a result of Guarantor's defaults on the Guaranty and other Loan Documents, Lender has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Enter judgment in favor of Lender and against Borrower for the full amount due and owing;

B. Enter judgment in in favor of Lender and against Guarantor for the full amount due and owing;

C. Award Lender its costs and reasonable attorneys' fees as provided under the Loan Documents;

D. Award Lender its pre-filing interest, prejudgment interest, and interest on the judgment as provided by statute; and

E. Grant Lender all further relief to which it may be entitled.

KICKHAM AND HANLEY
Attorneys for Lender

By: */s/ Gregory D. Hanley*
Gregory D. Hanley (P51204)
Jamie Warrow (P61521)
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, Michigan 48073
(248) 544-1500

Dated: December 19, 2012
KH132622